MAX SOLAR, Appellant, v. UNIVERSITY STATE BANK et al., Appellees.

**EXECUTION:** Claims by Third Persons—Incorrect Statement of Interest. The statement of a party who notifies a sheriff that he holds a chattel mortgage on property on which an execution levy has been made, instead of stating that he is the *absolute owner* of the property, will avail nothing to the execution plaintiff who declines to retain the property in the hands of the officer by the execution of an indemnifying bond, but brings action directly against the said owner, on the ground that the latter obtained the release of the levy by a false statement of interest in the property.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

MARCH 13, 1923.

ACTION at law. Plaintiff levied a writ of execution on a certain automobile as the property of his judgment debtor. Upon notice of ownership by defendant, the officer released the automobile. Plaintiff sues for damages because of such release. The cause was tried to the court without the intervention of a jury, and judgment was rendered for the defendant, and plaintiff appeals.—*Affirmed.*

*Lappen & Carlson,* for appellant.

*Hunn & Jones,* for appellees.

FAVILLE, J.—In October, 1921, the appellant obtained a

judgment in the municipal court of the city of Des Moines against William Burton and E. C. De Veny. An execution was issued on said judgment, and a levy made thereunder on a number of automobiles, including one described as Crow Elkhart car 18074. All of said property was levied upon as the property of the said De Veny. After said execution had been so levied, the appellee bank served a written notice upon the officer who had served said writ of execution, demanding the release of all the cars held under said execution. Said notice recited that the bank had a mortgage on the said Crow Elkhart car 18074, and that the amount due and unpaid on said mortgage was the sum of $3,641.07. The notice also described the book and page where it was claimed said mortgage was recorded. The appellant failed to furnish the officer with an indemnifying bond, and the property was released and the levy discharged. Thereafter, this suit was brought to recover from the appellee bank the amount of appellant's judgment against De Veny.

The action in the form in which it is brought is somewhat unusual. No demurrer was interposed to the petition. The action is not in conversion, but purports to be solely for damages claimed to have been suffered by appellant by reason of the release of the certain automobile in question from the levy of the execution thereon, obtained at the instance of the appellant.

The statute provides a method for determining the right to subject property to the satisfaction of an execution, where there are conflicting claims to the property, of the character shown in this case. This is by the furnishing of an indemnifying bond to the officer and a sale of the property under the execution. The statute, Code Section 3993, provides:

"If such bond is not given, the officer may refuse to levy, or if he has done so, and the bond is not given in a reasonable time after it is required by the officer, he may restore the property to the person from whose possession it was taken, and the levy shall stand discharged."

In this case, the appellant having failed to furnish the indemnifying bond required, the car in question was discharged from the levy of the execution. However, in this action appellant contends that the appellee bank, by serving its notice of ownership, obtained a discharge of the car from the levy of the

execution, and appellant alleges that the bank did not hold a mortgage on the car, as described in its notice to the officer, and hence is liable to appellant in damages.

The question tried in the lower court upon the issues presented was whether or not the appellee bank was the owner of or had an interest in the car in question at the time the writ was served on said car, or whether the judgment debtor, De Veny, owned the same. Conceding that that question could properly be tried out in an action of this kind, it presented a fact question, upon which the finding of the trial court has the force and effect of the verdict of a jury, and which we cannot disturb, where there is evidence in the record tending to support such conclusion. The evidence was sufficient to warrant the court in finding, as a matter of fact, that De Veny, the judgment debtor, was not the owner of the car in question at the time the levy of the execution was made thereon, and there was also evidence to support the finding of the trial court that the appellee bank was at said time the owner of said car.

The lower court found that the appellee bank did not have a mortgage on the car in suit at the time of the levy of the execution, but that, prior to and at the time of the levy on the car, the bank was the owner of said car. The fact that the appellee bank, in serving its notice upon the officer, recited that its ownership was a qualified ownership, as a mortgagee, rather than an absolute ownership by title, could not avail the appellant anything in this action, or render the appellee liable for damages to the appellant in this proceeding. The findings of the trial court are sustained by the record. We think they were correct.

We find no reversible error, and the judgment of the lower court is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.